## La Tourette *against* Baird.

THIS was a Scire Facias against *Baird*, returnable to the Circuit Court of *Dallas* County, on a bond of *Thorington* and said *Baird*, to *James* and *Wm. S. La Tourette*, dated 10th day of *August*, 1821. The Scire Facias sets out the bond at length, the condition of which is, " that if the above " bounden *John H. Thorington* shall well and truly prose- " cute to effect his writ of Error by him now sued out, and " returnable to the next term of the Supreme Court of Er- " rors and appeals for the State of *Alabama* in the suit " wherein *James La Tourette* and *William S. La Tou- " rette*, merchants, trading under the firm and style of *Wil- " liam S. La Tourette* and Co. were plaintiffs, and the said " *John H. Thorington* defendant ; and in case he *failed* there- " in, shall pay all costs and damages that may be adjudged " or awarded against him by said Court, then," &c. &c. The Scire Facias recites that the judgment referred to was at *December* term, 1821, of the Supreme Court, affirmed, and judgment there rendered for ten per cent. damages and interest and costs, &c. and requires *Baird* to shew cause why judgment and execution should not pass against him for the debt, damages, interest, and costs. He plead *nul tiel record*, which plea was adjudged against him ; but on his motion the Circuit Court arrested final judgment. The plaintiffs in the Scire Facias here assigned—that the Circuit Court erred in arresting the judgment.

*On bond for writ of Error the condition is that the plaintiff in Error " shall pay all costs and dama- ges that may be awarded against him." Judgment cannot be render- ed against the se- curity for the amount of the judgment on which the writ of Error was taken.*

*H. G. Perry* for plaintiff.

*Thorington* for defendant in Error.

Judge *Saffold* delivered the opinion of the Court.

The Statute of 1820, under which the bond was taken, directs that the person applying for a writ of Error shall execute a bond with sufficient security to be approved by the Clerk, conditioned for prosecuting the writ of Error to effect, and to pay and satisfy the judgment which shall be rendered in the said cause by the Supreme Court. The condition of such bond, as is prescribed by the Act of 1819, is, " that the said party shall prosecute his writ to effect, " and answer all damages and costs if he fails to make his " plea good." (Laws Ala. 482, 168.) On the affirmance of a judgment, the Supreme Court is required by law to al-

DECEMBER, 1824. low ten per cent. damages to defendant in Error. In cases
where the judgment of the Court below is reversed, and
La Tourette the proper judgment rendered here for the demand of the
v. plaintiff in the action, his debt, &c., are expressly awarded
Baird. to him by the judgment of the Supreme Court. Can the
security in the bond for the writ of Error, conditioned for
the payment of all costs and damages that may be adjudg-
ed against him by the Supreme Court be held liable for
the original debt or principal judgment of the Court below?
In all the Statutes on this subject the term " damages", *is*
used to designate the remuneration allowed to the defen-
dant in Error for the delay occasioned by superseding the
judgment which he had recovered in the Court below.

Other Exceptions have been taken to the proceedings,
to wit: That the Court to which the writ of Error is taken
is described as " the Supreme Court *of Errors and Ap-
peals*." These latter words in describing the Court can be
regarded only as surplusage, and do not vitiate. That the
Sci. Fa. refers to the original judgment of the Circuit Court
as in favour of *William S. La Tourette,* when it should have
described it as in favour of *William S. La Tourette* and Co.
Whether this defect is cured by reference to other parts of
the writ, may be considered more questionable ; but as the
Exception to the writ first noticed is deemed fatal, *it will*
be unnecessary to scrutinize the two last. The judgment of
the Circuit Court must be affirmed.